PER CURIAM.
The appellant appeals from an order of remand which provides in pertinent part:
"1. The minor is seventeen and one half years of age. "2. The minor is charged with the most serious of crimes, to wit: Murder.
"3. The minor is an immature youth who is severely emotionally and intellectually crippled and has been involved in anti-social activities dating back to his pre-puberty years.
"4. The minor is a chronic alcoholic and multiple drug user since his early teens.
"5. The minor left school at the age of thirteen years when in the seventh grade and has had no significant work experience thereafter, and that his delinquent activities include shoplifting and burglary.
"6. Due to his severe pathology, the minor requires a structured, custodial treatment facility for a considerable period of time but has been rejected for admission by the Secure Adolescent Treatment Program at the Oregon State Hospital, which program is the only one within the jurisdiction of the Juvenile Court conceivably appropriate to meet the needs of the minor.
"7. There are treatment facilities available for [the minor] in the adult corrections system.
«* * * [the minor] is remanded * * * for prosecution as an adult * * * and the Juvenile Department of this Court hereby waives its jurisdiction over said child
The trial court, on July 14, 1977, entered an order denying remand and then, pursuant to motion, reconsidered the matter and on August 17, 1977, entered the above order of remand. As the order indicates, the trial court had originally denied remand on the assumption that the Secure Child and Adolescent Treatment Program at the Oregon State Hospital was a suitable treatment facility for the appellant and one into which he would likely be accepted. In his brief the appellant appears to contend: first, that the trial court, having denied remand, lacked jurisdiction to reconsider and order remand; second, that since the trial *[376] court lacked jurisdiction to order remand, as a matter of law we are required to reverse the order of remand and return the appellant to the jurisdiction of the juvenile court; and third, that assuming we have jurisdiction to consider the matter de novo on the merits, remand was not warranted. In oral argument counsel conceded that we had jurisdiction to consider the matter of remand on the merits, a concession which would appear to be well warranted in light of ORS 419.529a).[1]
On the merits there is no doubt in our minds that remand was the appropriate disposition. The order of remand is factually correct. Further, not only was the treatment program originally considered as a possibility unavailable, but it was not at all suited to deal with a person having appellant’s problems.
Affirmed.

ORS 419.529(1) provides:
"Except as provided in this section, the [juvenile] court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct.”